```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ZEV YOURMAN,<br><br>                    Plaintiff,<br><br>-against-<br><br>CLAUSE MEYERS; BRYAN FLODMAN; MEYERSUSA; GRAIN BAR; AGERN RESTAURANT; TYSHAWN ATKINS; J DOES 1-20; JOHN DOE 21,<br><br>                    Defendants. | 1:20-CV-0778 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who appears *pro se,* brings claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA"), as well as claims under state law. He sues (1) Clause Meyers, the owner of MEYERSUSA, the operator of the Agern Restaurant located in Grand Central Terminal, (2) Bryan Flodman, the Chief Executive Officer of MEYERSUSA, (3) MEYERSUSA, (4) Grain Bar, a food stand operated by MEYERSUSA and the Agern Restaurant in Grand Central Terminal, (5) the Agern Restaurant in Grand Central Terminal, (6) Tyshawn Atkins, an employee of Grain Bar, MEYERSUSA, or the Agern Restaurant, (7) "J Does 1-20," and (8) "John Doe 21." He seeks damages.

By order dated February 28, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons discussed below, the Court dismisses this action but grants Plaintiff leave to replead his § 1983 claims in an amended complaint to be filed within 30 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Towmbly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiff alleges the following: On January 29, 2019, Plaintiff visited the Grain Bar food stand at Grand Central Terminal to purchase food. An unidentified Grain Bar employee (John

2

Doe 21) refused to accept cash from Plaintiff as payment. "A disagreement [then] ensued." (ECF 2, at 5.) John Doe 21 made "threatening statements" to Plaintiff. (*Id.*) Plaintiff walked away into a Hudson News store, also at Grand Central Terminal. John Doe 21 and Atkins then "body bashed and cornered" him, and John Doe 21 told him, "I'm going to bash your face in." (*Id.*)

Members of the Metropolitan Transportation Authority's Police Department then arrived. John Doe 21 and Atkins falsely told the police that Plaintiff had assaulted them. Atkins also falsely told the police that Plaintiff had yelled and screamed at customers, used obscene language and gestures, and threated "physical contact." (*Id.*) The police arrested Plaintiff and charged him with unspecified offenses. "Atkins took part in [a] malicious prosecution" of Plaintiff. (*Id.*) But the "charges against Plaintiff were dropped" on July 8, 2019. (*Id.*)

Plaintiff asserts that those events occurred because of the failure of Meyers, Flodman, MEYERSUSA, Grain Bar, the Agern Restaurant, J Does 1-20, John Doe 21, and Atkins "to properly train, supervise or vet . . . the employees who perpetrated acts against" him. (*Id.* at 7.) He also asserts that those events occurred because of the defendants' "discriminatory policy of not allowing cash to be used to purchase food." (*Id.*) Plaintiff states that he "is on disability, has a limited fixed income[,] and uses cash." (*Id.*)

## DISCUSSION

**A.    Claims under the ADA**

The Court construes Plaintiff complaint as asserting claims under Title III of the ADA. But damages are not available to Plaintiff under Title III. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages.") (citing 42 U.S.C. § 12188(a)(1)), *opinion corrected on others grounds*, 511 F.3d 238 (2d Cir. 2004).

Moreover, Plaintiff fails to allege any facts suggesting that the defendants discriminated against him because of his disability, which is a requirement to state a claim under Title III. *See Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008) ("Title III of the ADA provides that '[n]o individual shall be discriminated against *on the basis of disability* in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.'" (quoting 42 U.S.C. § 12182(a))) (emphasis added). The Court therefore dismisses Plaintiff's claims under Title III of the ADA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims under 42 U.S.C. § 1983**

A claim for relief under 42 U.S.C. § 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are generally not state actors and are therefore not usually liable under § 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution [generally] regulates only the Government, not private parties . . . .") (internal quotation marks and citation omitted). But a private party can be regarded as a state actor if he or she becomes "a willful participant in joint activity with the State or its agents." *Ciambriello*, 292 F.3d at 324 (internal quotation marks and citation omitted).

To state a § 1983 claim of malicious prosecution, a plaintiff must allege facts to suggest "that criminal proceedings were initiated or continued against him, with malice and without

4

probable cause, and were terminated in his favor." *Lanning v. City of Glens Falls*, 908 F.3d 19, 24 (2d Cir. 2018) A private person who falsely accuses another person of criminal conduct to the police is not considered a state actor for the purpose of § 1983 unless he or she shares with the police the common goal of violating the accused's federal constitutional rights. *See Betts v. Shearman*, 751 F.3d 78, 85-86 (2d Cir. 2014). Indeed, a private person who tells the police "that he or she thinks that a crime has been committed and does no more, does not thereby put him- or herself at risk of liability for [a § 1983 claim of] malicious prosecution should the arrest or prosecution later be abandoned or result in an acquittal." *Rohman v. New York City Transit Auth. (NYCTA)*, 215 F.3d 208, 217 (2d Cir. 2000). The private party must do more – he or she must "initiate" the prosecution, that is, "play[] an active role in the prosecution, such as giv[e] advice and encourage[] or importun[e] the authorities to act." *Id.* (internal quotation marks and citation omitted). And to show that the prosecution was terminated in his favor, the plaintiff must allege that it was "terminated in a manner indicating his innocence." *Lanning*, 908 F.3d at 24-29.

Plaintiff's allegations show that all of the defendants are private entities. He asserts that John Doe 21 and Atkins made false statements to the police that he had assaulted them and that he had been disruptive and threatening to customers. He also asserts, without any detail, that "Atkins took part in [a] malicious prosecution" of him. (ECF 2, at 5.) And he alleges no facts about how any of the other defendants acted as a state actor. These allegations, by themselves, are insufficient to suggest that any of the defendants acted as a state actor. They are also insufficient to state a § 1983 claim of malicious prosecution against any defendant.

The Court therefore dismisses Plaintiff's § 1983 claims against the defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court will grant Plaintiff leave to file an amended complaint in which he

alleges sufficient facts to state a § 1983 claim of malicious prosecution against at least one of the defendants.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

The Court dismisses this action, but grants Plaintiff leave to file amended complaint within 30 days of the date of this order. If Plaintiff fails to comply with this order within the time allowed, the Court will enter a judgment dismissing Plaintiff's federal claims for failure to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2)(B)(ii), and declining to consider his state-law claims under the Court's supplemental jurisdiction, 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 6, 2020
        New York, New York

COLLEEN McMAHON
Chief United States District Judge